**Order entered October 22, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01051-CR

### EX PARTE BRADRICK J. COLLINS

**On Appeal from the County Criminal Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. M17-18553-F**

## ORDER

On September 12, 2018, appellant filed a notice of appeal to challenge the trial court's September 10, 2018 order denying relief on appellant's pretrial application for writ of habeas corpus. On September 18, 2018, the Court entered a scheduling order requiring the trial court to file a certification of the right to appeal to be filed within ten days. The Court's order further directed the court reporter, or alternatively the trial court coordinator if there is no court reporter for this case,[1] to file within ten days, either the reporter's record or a written verification that no hearing was conducted in connection with appellant's pretrial writ application.

On September 28, 2018, appellant filed a document purporting to be the trial court's certification of the right to appeal. No official copy of the certification has been filed nor has the

---

[1] The official court reporter position in the trial court is vacant.

Court received the reporter's record or written verification that there is no reporter's record to file.

We **ORDER** the trial court to prepare a certification of the right to appeal and to file it as part of the supplemental clerk's record ordered herein.

We **ORDER** the trial court to determine whether any reported hearings were conducted in this appeal and make findings regarding (1) whether a hearing was conducted on appellant's writ application; (2) if a hearing was conducted, whether a reporter's record exists of the hearing; and (3) the name of the court reporter who sat for any hearing on the writ application. The trial court is directed to conduct such inquiries and to enter such orders as are necessary to determine the status of the reporter's record.

We further **ORDER** the trial court to file, within **FIFTEEN DAYS** of the date of this order, a supplemental clerk's record containing the certification of the right to appeal and the trial court's findings regarding the reporter's record.

After the Court received the trial court's certification and findings, the Court will reset the due dates for the parties' briefs.

We **ABATE** the appeal to allow the trial court to comply with the above order. The appeal shall be reinstated when the supplemental clerk's record is received or at such other time as the Court deems appropriate.

/s/    CRAIG STODDART
JUSTICE